IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| JOHNNY CRUZ | : | CASE NO 17-15159MDC |
| | : | |
| Debtor | : | |
| _____ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION
OF THE SECOND AMENDED PLAN**

Debtor, Johnny Cruz, seeks confirmation of the Second Amended Plan. For the reasons that follow, the Second Amended Plan should be confirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Debtor filed the instant voluntary petition under chapter 13 of the Bankruptcy Code on July 31, 2017. The Standing Chapter 13 Trustee filed an objection to confirmation on April 23, 2018. While Debtor filed a Second Amended Plan on May 21, 2108, the Trustee's objection survives that amendment. L.B.R. 3015-4(b).[1]

**LEGAL ARGUMENT**

As an initial matter, Debtor acknowledges bearing the ultimate burden of persuasion that the proposed chapter 13 plan meets all the statutory requirements for confirmation. Typically, a chapter 13 debtor meets that burden of demonstrating the viability of a chapter 13 plan based upon

---

[1] Mortgage creditor Pennsylvania Housing Finance Agency ("PHFA") filed an objection to confirmation on May 23, 2018. On June 19, 2018, however, the Court granted the unopposed motion of PHFA for relief from the automatic stay to pursue its rights and remedies, including "loss mitigation alternatives including, but not limited to, a loan modification." Doc. No. 48. Debtor's counsel has spoken to counsel for PHFA and understands that PHFA will withdraw its objection prior to the confirmation hearing, leaving only the Trustee's objection.

future income by showing a stable employment history, present employment, a current net monthly income level, or some other funding source sufficient to make proposed plan payments. Id., (citing In re Nottingham, 228 B.R. 316, 321 (Bankr. M.D. Fla. 1998)). Neither the Trustee nor PHFA have raised any objections as to Debtor's ability to pay, and Debtor has in fact been paying under a voluntary wage order from the inception of the case.

**Secured Claims Need Not be Paid Concurrently**

The only objection of the Trustee that appears to remain is the objection to the Part 9 non-standard provision No. 2, which changes the order of distributions from Part 8 of the form plan. Rather than paying allowed secured claims pro rata, Debtor proposes to pay secured claims of the City of Philadelphia and Philadelphia Gas works before Secured Claim No. 1 of Credit Acceptance. Notably Credit Acceptance has not objected to this treatment.[2]

Debtor's reason for this treatment is that Debtor is in the process of applying for a loan modification with PHFA. PHFA will not finalize any loan modification unless it retains lien superiority. The claims of the City of Philadelphia and its corporation, Philadelphia Gas Works, have superior priority under Pennsylvania law and must therefore be paid prior to the completion of a trial payment plan, if granted by PHFA.

The Trustee argues, with respect to Debtor's proposed distribution scheme that : "There is no basis to classify separately secured claims under 11 U.S.C. Section 1322." Given that § 1322(b)(11) expressly allows the Debtor to "include any other appropriate provision not inconsistent with this title," the Trustee's assertion, without more, is nonsensical. Unless Debtor's

---

[2] The objection to confirmation of Credit Acceptance has been resolved by Stipulation and approved by the Court on April 24, 2018. Doc. No. 38.

proposed distribution order is inconsistent with some other provision of the Code, the Trustee's argument must be overruled. Here the Trustee has not cited any provision of the Code that is inconsistent with Debtor's proposed treatment, nor has he provided any authority to support his assertion.

There is, however, authority that expressly contradicts the Trustee. As noted by the bankruptcy court in In re Stewart, 290 B.R. 302 (Bankr. E.D. Mich. 2003):

> "Typically, each secured claim in the Chapter 13 plan is in a class by itself. Each secured claim is usually provided a unique treatment-a different value for the collateral, a different preferred monthly payment (if any), a different interest rate or some other treatment (surrender, for example) specific to that secured claim. It is usually true that the collateral securing each secured claim is unique. The courts have long recognized that each secured claim can be placed in a separate class."

Id. at 304 (quoting Keith Lundin, Chapter 13 Bankruptcy § 103.1 at 103-1 (3d ed.2000)(footnote omitted)). Nothing in the Code requires that all secured claims get paid concurrently. Id at 304-05. Indeed, the only Code provision dealing with secured claims and confirmation, § 1325(a)(5), mandates that the Court shall confirm the plan if, as here, the creditor has accepted the plan. 1325(a)(5). As no secured creditors oppose the Debtor's proposed distribution scheme and no Code provision is inconsistent with it, the Court must confirm the plan.

**CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that the Court enter an Order Confirming the Second Amended Plan.

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
215-925-1002
215-402-3437 (fax)
Alfonsmadrid.esq@gmail.com
